By the Court.—Sedgwick, Ch. J.
—There was evidence of a conversion of the policy. The mortgagees of the vessel received the policy from the defendant at the time it was made and retained it down to the trial. In the meantime, the words of the policy had been changed so as to destroy the contract in favor of Martin & Kaskell. that apparently existed in the first place. The jury would have had a right to find, that this had been done by the defendant with the co-operation of the mortgagees. This was a conversion against Martin & Kaskell. The thing convert d. was the paper with the words thereon that- constituted the contract, and not the incorporeal and inchoate right, of action, which cannot be converted. It is true that if the plaintiffs were in possession of the paper, they could under proper circumstances have recovered upon the contract as it was before alteration. After the act of conversion, they were not bound to recover possession or make any use of the paper. They could leave the defendants to the consequences of their wrong.
*420 It would be no objection to a recovery in this action, that as the plaintiffs had made no proof of loss, etc., and could not have recovered on the policy, therefore they were not damaged. The damages would 'flow from the fact that plaintiffs had been prevented from bringing an action upon the policy by the tort of the defendants.
For another reason, however, the plaintiffs had no interest in the policy that would sustain their recovering beyond a nominal sum.
At and before the policy was first issued, each of the plaintiffs had severally conveyed one half of the vessel, in separate bills of sale, to John Garvey. They were partners under the name of Martin & Kaskell, and the complaint alleges a copartnership interest as the foundation of the claim. As a copartnership they had no interest in the vessel beyond a right to use it in trade. The policy ran to Martin & Kaskell, the firm. It may be considered that under the agreement, intimated by the evidence, they were entitled to a bill of sale from Garvey of one third of the vessel each and that they severally had an insurable interest to such extent. This, however, does not alter the case in .as much as the policy did not insure such interests, but a partnership interest. As there was no proof of what was the value of the partnership interest, the direction of the judge, dismissing the complaint should not be disturbed.
Plaintiffs’ exceptions overruled and judgment on the direction below to be entered for defendant with costs.
Truax, J., concurred.